UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Belqui M.,

        Petitioner,

v.

Pamela Bondi, Attorney General, *et al.*,

        Respondents.

---

CIVIL NO. 26-CV-0308 (MJD/SGE)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Belqui M.'s[1] ("Belqui") Verified Petition for Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1.) Belqui maintains that her detention violates her Fifth Amendment right to due process, the Immigration and Nationality Act and its implementing regulations, and the Administrative Procedures Act. Belqui seeks a bond hearing consistent with 8 U.S.C. § 1226, in addition to other declaratory relief. (Dkt. 1 ¶ 10.) Respondents oppose the Petition. (Dkt. 4.) This matter has been referred to the undersigned by United States District Judge Michael J. Davis for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **GRANTED** and that Belqui be given a hearing to determine whether she can be released on bond.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by her first name and last initial.

## BACKGROUND

Belqui is a citizen of Honduras who entered the United States without inspection in 1998 or 1999. (Dkt. 1 ¶¶ 32-34.) Belqui has been in the United States for approximately 26 years. (*Id.*) On or around January 5, 2026, Immigration and Customs Enforcement ("ICE") officers took Belqui into custody. (*Id.* ¶ 35.) Belqui is presently held in immigration detention at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 14.)

The Court, United States District Judge Michael J. Davis, issued an Order to Show Cause on January 15, 2026, requiring Respondents to file an answer to the issues raised in the Petition and enjoining Respondents from transferring Belqui from the District of Minnesota until a final decision is made on her petition. (Dkt. 3.) Respondents filed a one-paragraph response to Belqui's Petition:

> Petitioner filed this petition for a writ of habeas corpus to secure a bond hearing in connection with Petitioner's detention by the U.S. Immigration and Customs Enforcement. The Federal Respondents acknowledge that the petition raises legal and factual issues similar to those in prior habeas cases this Court has decided. These issues are before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). For purposes of expediting these proceedings, the Federal Respondents assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition.

(Dkt. 4.)[2] The Respondents did not follow Judge Davis' Order. Despite being given an opportunity to do so, Respondents did not include:

---

[2] Respondents do not challenge this Court's jurisdiction. Had Respondents challenged jurisdiction, the Court would have recommended that the district court judge find jurisdiction based on Judge Provinzino's persuasive analysis in *Fuentes v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *1 (D. Minn. Dec. 9, 2025).

2

> a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition; b. [a] reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims; and c. [a] recommendation on whether an evidentiary hearing should be conducted.

(Dkt. 4 at 1-2.) Belqui filed a Reply, arguing that Respondents have failed to demonstrate the proper basis for her detention or the legal basis for their position with affidavits and exhibits as required by the court. (Dkt. 5.)

## ANALYSIS

Two statutes govern the detention of noncitizens pending removal proceedings—8 U.S.C. §§ 1225 and 1226. In recent months, Respondents, have taken the position that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) applies to noncitizens, already in the United States, that entered without inspection. Respondents argue that in these circumstances, noncitizens are not entitled to a bond hearing under 8 U.S.C. § 1226(a) as a matter of statutory interpretation. Belqui argues that she is not subject to the mandatory detention provision in 8 U.S.C. § 1225(b)(2) and is instead subject to the discretionary framework set forth in § 1226(a), which requires she be provided a bond hearing. In sum, the parties' disagreement amounts to a disagreement of statutory interpretation: whether 8 U.S.C. § 1225(b)(2) or § 1226(a) applies to noncitizens already residing in the United States that entered without inspection.

3

Respondents concede that Belqui's claim is similar to the numerous other immigration cases in this District[3] where noncitizens, found in Minnesota and detained by ICE, seek bond hearings pursuant to 8 U.S.C. § 1226(a), and in which the majority of district judges in this district have ruled against Respondents' new interpretation of 8 U.S.C. § 1225(b)(2). *See E.M. v. Noem*, No. 25-cv3975 (SRN/DTS), 2025 WL 3157839, at * 4-8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at * 2-3 (D. Minn. Nov. 25, 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961-62 (D. Minn. 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at * 2-3  (D. Minn. Nov. 4, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947 at * 6-7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at * 2-4 (D. Minn. Oct. 8, 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974-76 (D. Minn. 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025*); Iishaar-Abdi v. Klang*, No. 25-cv-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *but see Abdirhamaan G. v. Noem et al.*, 26-cv-34 (PAM/SGE), Dkt. 7 (adopting Respondents' interpretation of the statute). Indeed, Judge Davis has also concluded that § 1226(a) governs the detention of noncitizens who are already present or residing in the United States, such as Belqui—not § 1225(b), which governs the detention of noncitizens seeking admission into the United States. *See Awaale v. Noem*, No. 25- cv-4551

---

[3] *See* Dkt. 4 ("The Federal Respondents acknowledge that the petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided.")

4

(MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Mohamed A. v. Bondi et al.*, 25-cv-4515 (MJD/ECW), Dkt. 17 at 8-11.

Beyond Minnesota, district courts across the nation and the Seventh Circuit Court of Appeals, have addressed this exact question and agreed that § 1226(a), not § 1225(b), governs detention of noncitizens already present in the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *Demirel v. Fed. Detention Ctr.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *6-7 (E. D. Mich. Sept. 9, 2024) (collecting cases).

Here, Respondents do not dispute, in their one-page response, that Belqui has no criminal history or the fact that she was arrested[4] while already residing in the United States for many years. (Dkt. 4.) Nor do the Respondents contend that any other exceptions apply that would subject Belqui to mandatory detention under 8 U.S.C. § 1226(c) or that her case is in anyway distinguishable from the many other cases being litigated in this District. (*Id.*) Respondents merely maintain the same argument that detention is mandatory under 8 U.S.C. § 1225(b), which as discussed above, has been repeatedly rejected. *See Fuentes*, 2025 WL 3524455, at * 1 ("The Government has now been told nearly 300 times (and counting) that its mandatory-detention scheme is unlawful. Yet as this case illustrates, the Government has not taken "no" for an answer.") (citing *Demirel*, 2025 WL 3218243, at *4.) The undersigned finds no reason to depart from the judicial consensus in this district

---

[4] It is unclear whether Respondents had a warrant for Belqui's arrest. Belqui did not make an argument that her arrest was warrantless. (*See* Dkt. 1.)

5

and across the country. Accordingly, the undersigned recommends that Belqui's Petition be **GRANTED**.

## RECOMMENDATION

Based on all the files, records, and proceedings herein, this Court hereby **RECOMMENDS** that that the Petition (Dkt. 1) be **GRANTED**, and that Belqui be afforded a bond hearing, in the District of Minnesota, where witnesses and evidence are likely to be found.

Dated: January 21, 2026

<u>s/Shannon G. Elkins</u>
SHANNON G. ELKINS
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to this magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).